FILED

MAY 0 2 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | MISC NO.: 1:23 MC 0019 |
| ) | |
| ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| ) | |
| DESTRUCTION OF FIREARMS AND ) | |
| AMMUNITION ) | |
| ) | |
| ) | **MOTION OF THE UNITED STATES** |
| ) | **FOR AN ORDER AUTHORIZING THE** |
| ) | **DESTRUCTION OF CERTAIN** |
| ) | **FIREARMS (AND AMMUNITION AND** |
| ) | **ACCESSORIES RELATED THERETO)** |

NOW COMES the United States of America, by and through Michelle M. Baeppler, First Assistant United States Attorney, and Robert F. Corts, Assistant United States Attorney, and hereby moves this Court for an Order, pursuant to 28 U.S.C. § 1651 (the "All Writs Act"), authorizing the United States to destroy, subject to appropriate notice, the firearms (and ammunition and accessories related thereto) described in Exhibit A, attached hereto.

The Federal Bureau of Investigation, Cleveland Headquarters ("FBI") currently has in its possession the firearms (and ammunition and accessories related thereto) described in Exhibit A. The firearms, ammunition and accessories related thereto were seized by the FBI in connection with various criminal investigations during the past several years.

Without an Order from this Court authorizing the FBI to destroy the firearms, ammunition and accessories related thereto described in Exhibit A, the FBI will be required to maintain custody and control of the firearms, ammunition and related accessories for an indefinite period of time. There would not be any corresponding benefit to the public in having

the FBI maintain custody and control of the firearms, ammunition, and accessories. Therefore, the government requests the Court issue the attached Order.

Currently, there is no specific statute authorizing the destruction of the firearms, ammunition and accessories in the circumstances described herein. However, the All Writs Act authorizes "[t]he Supreme Court and all courts established by Act of Congress . . . [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985); *see also Harris v. Nelson*, 394 U.S. 286, 299 (1969) (All Writs Act "has served . . . as a legislatively approved source of procedural instruments designed to achieve the rational ends of law.") (internal quotation and citation omitted).

If the Court grants this motion, then the FBI will publish, on an official government internet site (www.fbi.gov) for at least 30 consecutive days, notice of its intent to destroy the firearms, ammunition and accessories related thereto and notice that any person having or claiming a legal interest in the firearm, ammunition or accessory must file a claim with the FBI within 30 days of the final publication of such notice.

If within 30 days following the last date of published notice, the FBI receives a claim regarding a particular firearm and/or piece of ammunition and/or accessory described in Exhibit A, the FBI will discuss the matter with the claimant in order to determine whether it is appropriate for the FBI to recognize the claim. If the FBI and the claimant cannot agree, court action may be required with respect to the item. However, in no circumstance should the FBI be

required to return weapons and/or ammunition to a convicted felon. As the Court is aware, 18 U.S.C. § 922(g)(1) provides in pertinent part that:

> It shall be unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding on year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The courts have likewise held that firearms and/or ammunition should not be returned to convicted felons. *See United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000) (convicted felon not entitled to return of firearms, even if provided to third party in trust for felon); *United States v. Wacker*, 903 F. Supp. 1412, 1414-15 (D. Kan. 1995) (convicted felon not entitled to return of firearm, even if returned to a designated agent since felon would have constructive possession of firearm); *United States v. Craig*, 896 F. Supp. 85, 89 (N.D.N.Y. 1995) (convicted felon not entitled to return of firearm, even if returned to his wife because he could not delegate authority to possess firearm to a designated agent).

Furthermore, it would be improper to allow a third party to take possession and to sell the firearms and/or ammunition on a convicted felon's behalf, because the felon would profit from items that he or she can no longer legally possess. *See United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990) ("We agree with the district court that to allow [Bagley] to reap the economic benefit from ownership of weapons [ ] which it is illegal for him to possess would make a mockery of the law.") (internal quotation omitted).

The Sixth Circuit followed *Bagley* and held that a convicted felon is neither entitled to the return of firearms nor to the proceeds of their sale. *See United States v. Ashley*, 959 F.2d 236 (6th Cir. 1992). In a subsequent opinion, the Sixth Circuit further held that the prohibition against possessing firearms applies to "both actual and constructive possession, including a

3

prohibition against allowing the firearms to be held in trust for a convicted felon." *United States v. Headley*, 50 F. App'x 266 (6th Cir. 2002). As noted by the Courts in *Headley* and *Craig*, a defendant may not create a greater power in his designated agent than he himself possesses. *Id.*; *Craig*, 896 F. Supp. at 89.

In circumstances where no claim is filed regarding a particular firearm and/or piece of ammunition and/or accessory described in Exhibit A within 30 days following the last date of published notice, the FBI will destroy the item; provided, however, prior to destruction (1) the FBI may perform ballistic tests on the firearm, the results of which may be included in a database for future evidence identification purposes, and (2) the FBI would not destroy a particular firearm if it believes the firearm has significance from a historical, artistic, or training perspective.

Based on the foregoing, the government respectfully requests that the Court grant this motion.

> Respectfully submitted,
>
> MICHELLE M. BAEPPLER
> First Assistant United States Attorney
>
> By: _/s/ Robert F. Corts_
> Robert F. Corts (OH: 0041432)
> Assistant United States Attorney
> United States Court House
> 801 West Superior Avenue, Suite 400
> Cleveland, OH 44113
> (216) 622-3957
> Robert.Corts@usdoj.gov

4